## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| SYLVIA MORRIS, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNIZE INC.,<br><br>Defendant. | Case No. 1:17-cv-963<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sylvia Morris ("Morris" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

### PARTIES

1.     Plaintiff Sylvia Morris is, and at all times mentioned herein was, a resident of Carrollton, Texas and a citizen of the State of Texas.

2.     Defendant Modernize Inc. is a Delaware corporation with its principal place of business at 804 Congress Avenue, Suite 400, Austin, Texas 78701-2651.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

4.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

5.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District and Defendant's principal place of business is in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

### The TCPA

6.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.      Among other things, the TCPA, through implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation [to] . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

### FACTS SPECIFIC TO PLAINTIFF SYLVIA MORRIS

8.      Ms. Morris' residential telephone number has been listed on the National Do Not Call Registry since at least at least 2015.

9.      Prior to the calls at issue in this action, Plaintiff had no relationship whatsoever with Defendant and never had any contact with Defendant.  Ms. Morris has never consented in writing, or otherwise, to receive telephone calls from Defendant.  Plaintiff has never provided Defendant with her residential telephone number.

10.     Despite the fact that her residential telephone number is listed on the National Do

Not Call Registry, Defendant called Ms. Morris on three separate occasions to sell her solar panels. Defendant admits to making these calls.

11.     The following chart shows each date and time that Defendant called Ms. Morris on her residential telephone number to sell her solar panels and the phone number that Defendant used to place the calls:

<u>**Defendant's Calls to Plaintiff Morris**</u>

| <u>Date</u> | <u>Time</u> | <u>Number Calling</u> |
|---|---|---|
| 6/12/2017 | 1:23 PM CT | 972-232-3570 |
| 6/12/2017 | 6:10 PM CT | 972-232-3570 |
| 6/28/2017 | 2:31 PM CT | 972-512-4947 |

## CLASS ACTION ALLEGATIONS

A.     CLASS ALLEGATIONS

12.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

13.     Plaintiff proposes the following class definition:

All persons in the United States who: (a) received more than one telephone solicitation call, initiated by Defendant to promote products or services; (b) in a 12–month period; (c) on their cellular telephone line or residential telephone line; (d) more than 30 days after registering their telephone number(s) on the National Do Not Call Registry; and (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Plaintiff represents, and is a member of, this proposed class.  Excluded from the class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

**B.**   **NUMEROSITY**

14.   Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's businesses, and the number of online complaints, that the class is so numerous that individual joinder would be impracticable.

15.   Plaintiff and all members of the proposed class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

16.   The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed class can be identified easily through records maintained by Defendant.

**C.**   **COMMONALITY AND PREDOMINANCE**

17.   There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

   a.   Whether Defendant made telephone calls to class members on the National Do Not Call Registry

   b.   Whether Defendant's conduct was knowing and/or willful;

   c.   Whether Defendant is liable for damages, and the amount of such damages, and

   d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

**D.**   **TYPICALITY**

18.   As someone who received numerous and repeated calls on her telephone despite

the fact that she is on the National Do Not Call Registry, Plaintiff asserts claims that are typical of each member of the class.  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

19.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

**E.     ADEQUATE REPRESENTATION**

20.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

21.     Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227, *ET SEQ.*)**

22.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action

Complaint as if fully stated herein.

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

24.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## SECOND CAUSE OF ACTION
### (KNOWING AND/OR WILLFUL VIOLATION OF
### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

26.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

27.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

28.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

29.     Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

Dated:  October 9, 2017

Respectfully Submitted,

*/s/ Jarrett L. Ellzey*
W. Craft Hughes
Jarrett L. Ellzey
**HUGHES ELLZEY, LLP**
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
E-Mail: craft@hughesellzey.com
        jarrett@hughesellzey.com

**ATTORNEYS FOR PLAINTIFF**

Joshua D. Arisohn (*Pro hac vice Application will be submitted*)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY  10019
Phone: (646) 837-7150
Fax:  (212) 989-9163
E-Mail: jarisohn@bursor.com

**OF COUNSEL**