IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SYLVIA MORRIS, on Behalf of Herself and
All Others Similarly Situated,
       Plaintiff,        CAUSE NO.:
-vs-                 AU-17-CA-00963-SS

MODERNIZE, INC.,
       Defendant.

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Modernize, Inc. (Modernize)'s Motion for Summary Judgment [#56],[1] Plaintiff Sylvia Morris's Response [#59] in opposition, and Modernize's Reply [#60] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a Telephone Consumer Protection Act (TCPA) case. In 2015, Morris—who has been listed on the national Do-Not-Call Registry since 2010—visited the website findsolarrebates.com. Mot. Summ. J. [#56-1] Polka Decl. at 2.[2] At that time, findsolarrebates.com was operated by Modernize. *Id*. While browsing the website, Morris encountered a web form urging her to submit her contact information, including her telephone number, in order to "get free quotes" regarding "solar rebates." *Id*. [#56-4] Ex. B (Web Form) at

---

[1] The Court GRANTS Modernize's Motion for Leave to File Under Seal Exhibits in Support of Motion for Summary Judgment [#55].

[2] In the interest of consistency and ease of reference, all page number citations refer to CM/ECF pagination.

1

2. After entering her personal information into the web form, Morris clicked a button labeled "Find Out How Much You Save" and thereby submitted the form. Polka Decl. at 2. Directly underneath the "Find Out How Much You Save" button and in smaller font than the rest of the page, a disclaimer elaborated that:

> By clicking 'Find Out How Much You Can Save', you authorize Home Improvement Leads[3] and up to four home service companies that can help with your project to call or text you on the phone number provided using autodialed and prerecorded calls or messages. Your consent to this agreement is not required to purchase products or services. We respect your privacy.

Web Form at 2. In reliance on this disclaimer, Modernize called Morris several times between 2016 and 2017 regarding solar rebates and related services. Mot. Summ. J. [#56] at 8.

In October 2017, Morris filed suit against Modernize on behalf of herself and all other similarly situated individuals alleging Modernize violated the TCPA by knowingly and willfully calling individuals, such as Morris, despite their registration with the national Do-Not Call Registry. Compl. [#1] at 2–6. Modernize now files a motion for summary judgment which is ripe for review. Mot. Summ. J. [#56].

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty*

---

[3] Modernize was previously known as Home Improvement Leads, Inc. but changed its name to Modernize, Inc. in September 2015. Polka Decl. at 1.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing

sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

Modernize argues it is not liable for placing telephone calls to Morris, despite her registration with the Do-Not-Call registry, because Modernize received express permission to contact Morris under the terms of the disclaimer accompanying the submitted web form. Mot. Summ. J. [#56] at 11.

Under 47 C.F.R. § 64.1200(c)(2), no person or entity may "initiate any telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of person who do not wish to receive telephone solicitations." Importantly, however, a telephone solicitor is not liable under § 64.1200(c)(2) for initiating a telephone solicitation so long as the solicitor first obtains the registrant's "prior express invitation or permission" to initiate a telephone solicitation. *Id.* § 64.1200(c)(2)(ii). "Such permission must be evidence by a signed, written agreement" between the would-be solicitor and the registrant. *Id.*

The FCC has determined that telemarketers may "obtain prior express written consent using any medium or format permitted by the E-Sign Act," including "email, website form, text message, telephone keypress, or voice recording." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (Feb. 15, 2012) [hereinafter FCC Guidance]; *see also* 15 U.S.C. § 7001(a)(1) ("[A] signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form . . . ."). Further, regardless of the medium in which it is memorialized, the written agreement must include a "clear and conspicuous disclosure"

informing the registrant that "[b]y executing the agreement," he or she agrees to receive telemarketing calls. 47 C.F.R. § 64.1200(f)(8)(i). A disclosure qualifies as "clear and conspicuous" if it "would be apparent to the reasonable consumer, separate and distinguishable from the advertising copy or other disclosures." *Id.* § 64.1200(f)(3).[4]

Here, the Court concludes Modernize is not liable for calling Morris because Modernize had received prior express written consent to contact Morris by telephone. Specifically, under the terms of the disclaimer included on the web form, Morris gave consent to Modernize to contact her by telephone when she clicked the "Find Out How Much You Can Save" button and submitted the web form with her personal information. *See* Web Form at 2 ("By clicking 'Find Out How Much You Can Save', you authorize [Modernize] . . . to call or text you on the phone number provided using autodialed and prerecorded calls or messages."); FCC Guidance at 1844 (allowing consumers to give written consent via web form).

Morris argues summary judgment is inappropriate because there is a fact issue as to whether the disclaimer was "clear and conspicuous." Resp. [#59] at 9–10. The Court disagrees, however, and concludes the disclaimer was clear and conspicuous as a matter of law. The disclaimer was located directly underneath the button used to submit the web form and would have been readily apparent to a reasonable consumer. Web Form at 2; *see also* 47 C.F.R. § 64.1200(f)(3). And though the disclaimer appeared in smaller font than the rest of the text appearing on the page, the relative size of the font does not alter the fact that the disclaimer

---

[4] *Cf. Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 390 (3d Cir. 2002) (suggesting "clear and conspicuous" disclosure must be "readily noticeable" and "reasonably understandable"); *Applebaum v. Nissan Motor Acceptance Corp.*, 226 F.3d 214, 220 (3d Cir. 2000) (suggesting disclosure is "clear and conspicuous" if it is "obvious to the eye," "plainly visible," and "legible").

remained both "obvious to the eye" and "plainly visible."[5] *Applebaum*, 226 F.3d at 220; *see also Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 78 (2d Cir. 2017) (concluding disclosure placed directly underneath registration button was reasonably conspicuous despite use of small font).

Morris also protests the disclaimer was ineffective because it was not in compliance with the E-Sign Act. According to Morris, the E-Sign Act required Modernize to, among other things, "provide [Morris] with a statement of the hardware and software requirements for access to and retention of the electronic records." Resp. [#59] at 12 (citing 15 U.S.C. § 7001(c)(1)). But the provisions of the E-Sign Act on which Morris relies apply only where "a statute, regulation, or other rule of law requires that information relating to a transaction . . . be provided or made available to a consumer . . . ." 15 U.S.C. § 7001(c)(1). Morris has not identified a rule of law requiring Modernize to provide any sort of information or electronic record in connection with the parties' agreement. *See* Resp. [#59] at 11–12. Absent any argument from Morris on this point, the Court concludes § 7001(c)(1) does not apply.

In sum, the Court concludes that Modernize received prior express written consent to contact Morris and that the disclosure authorizing Modernize to contact Morris was clear and conspicuous as a matter of law. Accordingly, under 47 C.F.R. § 64.1200(c)(2)(ii), Modernize is not liable for contacting Morris. As all of Morris's claims are premised upon a finding of liability under § 64.1200(c)(2), the Court therefore grants Modernize's motion for summary judgment on all claims.

---

[5] While the Court applies an objective standard in determining the disclosure to be clear and conspicuous, *see id.* § 64.1200(f)(3), it is telling that Morris was easily able to read the disclaimer when presented with a PDF printout of the webpage during her deposition. Mot. Summ. J. [#56-3] Ex. A at 7, 11.

## Conclusion

The Court grants summary judgment in favor of Modernize on all claims. Further, as there are no further claims to be resolved, the Court dismisses as moot all other motions pending in this case.

Accordingly,

IT IS ORDERED that Modernize's Motion for Leave to File Under Seal Exhibits In Support of Motion for Summary Judgment [#55] is GRANTED;

IT IS FURTHER ORDERED that Modernize's Motion for Summary Judgment [#56] is GRANTED;

IT IS FURTHER ORDERED that Morris's Motion for Class Certification [#23] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Morris's Motion to Strike Declaration of Colin Weir [#29] is DISMISSED AS MOOT; and

IT IS FINALLY ORDERED that Non-Party Mike Morris's Motion for Reconsideration of Order Denying Motion to Quash [#64] is DISMISSED AS MOOT.

SIGNED this the 27th day of September 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE